*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

BRANDON ROBERT BURDICK,

Defendant-Appellant.

UNPUBLISHED
July 18, 2025
8:57 AM

No. 372365
Ottawa Circuit Court
LC No. 23-046463-FH

Before: CAMERON, P.J., and REDFORD and GARRETT, JJ.

PER CURIAM.

Defendant, Brandon Robert Burdick, was involved in an argument with his on-again-off-again girlfriend, Arianna Wisniewski. As the argument intensified, Burdick punched Wisniewski's television and took her cell phone from her and threw it on the floor. He testified at trial that he took the phone away from her because she held it as if she intended to hit him with it or throw it at him. The trial court denied defense counsel's request to instruct the jury regarding the use of nondeadly force in self-defense in accordance with M Crim JI 7.22. The jury convicted Burdick of interfering with an electronic communication, MCL 750.540(1), and malicious destruction of property ($200 or more but less than $1,000), MCL 750.377a(1)(c)(*i*). Burdick moved for a new trial asserting that the trial court erred by denying his request for the self-defense jury instruction. Because the trial court properly denied Burdick's request, we affirm.

## I. RELEVANT FACTS

Wisniewski invited Burdick to stay at her apartment the weekend of October 7 and 8, 2023. Wisniewski worked for a ballet school and wanted Burdick to attend a ballet with her that weekend, but Burdick wanted to go to the casino instead. On Saturday, they got into an argument that resumed on Sunday morning. Wisniewski threatened to have Burdick thrown out of her apartment. He began to collect his belongings, but did not leave at that time. Instead, he and Wisniewski continued arguing.

According to Wisniewski, Burdick was "getting in [her] face," yelled at her, and pushed her. She retrieved a pocketknife from her dresser for her protection, put it in her pocket, and went downstairs to the first floor of the apartment. Burdick followed her and cornered her. She took

the pocketknife out of her pocket, but he took it and pointed it at her before throwing it into the hallway. She then called apartment security on her cell phone and explained that there was a person in her apartment who refused to leave. Burdick took her phone away from her, ended the call, and threw it on the floor, damaging the phone. She retrieved the phone and called 911. During that call, Burdick punched her television.

Burdick testified at trial that, while Wisniewski was on her phone, she pulled out the pocketknife and held it a few inches from his neck. He grabbed it and threw it into the hallway. Although she was still talking on the phone at that point, she held her phone as if she was going to hit him with it or throw it at him. He took the phone and threw it into the hallway near the pocketknife. He denied ending the phone call before he threw the phone. He maintained that Wisniewski then retrieved the phone "and immediately kind of came at [him] in like a lunging kind of manner." He backed up, tripped, and fell backward, striking the television with his shoulder.

At the close of proofs, defense counsel requested a jury instruction on the use of nondeadly force in self-defense, but the trial court denied the request. The jury convicted Burdick as charged. After sentencing, Burdick moved for a new trial, arguing that the trial court erred by denying his request for the self-defense instruction. The trial court denied Burdick's motion. This appeal followed.

## II. ANALYSIS

Burdick argues that the trial court erred by denying his request to instruct the jury on the use of nondeadly force in self-defense. We review claims of instructional error de novo, but review for an abuse of discretion whether a jury instruction is applicable to the facts of a case. *People v Dobek*, 274 Mich App 58, 82; 732 NW2d 546 (2007). We also review for an abuse of discretion a trial court's decision whether to grant a motion for a new trial. *People v Blackston*, 481 Mich 451, 460; 751 NW2d 408 (2008). The trial court abuses its discretion when its decision "falls outside the range of reasonable and principled outcomes." *People v Christian*, 510 Mich 52, 75; 987 NW2d 29 (2022) (quotation marks and citation omitted).

"A defendant in a criminal trial is entitled to have a properly instructed jury consider the evidence against him or her." *People v Guajardo*, 300 Mich App 26, 34; 832 NW2d 409 (2013) (quotation marks and citation omitted). But a defendant asserting an affirmative defense, such as self-defense, must present some evidence of all elements of the defense before he is entitled to an instruction in accordance with the defense. *Id.* at 34-35. Self-defense is applicable to both assaultive and nonassaultive crimes. *People v Leffew*, 508 Mich 625, 639-640; 975 NW2d 896 (2022). MCL 780.972(2) of the Self-Defense Act, MCL 780.971 *et seq*., provides:

An individual who has not or is not engaged in the commission of a crime at the time he or she uses force other than deadly force may use force other than deadly force against another individual anywhere he or she has the legal right to be with no duty to retreat if he or she honestly and reasonably believes that the use of that force is necessary to defend himself or herself or another individual from the imminent unlawful use of force by another individual.

Thus, under MCL 780.972(2), to establish entitlement to a nondeadly force self-defense instruction, Burdick was required to present some evidence that (1) he was not engaged in the commission of a crime, (2) he had a right to be at Wisniewski's apartment, and (3) he reasonably believed that the use of nondeadly force was necessary to defend himself from Wisniewski's imminent unlawful use of force.

The prosecution charged Burdick with interfering with an electronic communication for taking Wisniewski's phone from her and throwing it on the floor. Wisniewski testified that occurred while she was on the phone with apartment security. Burdick, on the other hand, testified that he threw the phone while Wisniewski was on the phone with the 911 operator. A recording of the 911 call was played during trial, and Burdick identified the point during the call when he threw the phone. The trial court denied Burdick's request for the jury instruction during trial on the basis that the 911 recording did not substantiate Burdick's testimony. The court noted that neither Burdick nor Wisniewski made any statement on the recording indicating that Burdick grabbed the phone or that Wisniewski threatened him with the phone. Moreover, following our review of the recording, we conclude that it contains no sounds or noises indicative of the phone being thrown and landing on the floor. We therefore conclude that the trial court did not abuse its discretion by determining during trial that the requested jury instruction was inapplicable to the evidence presented.

When the trial court denied Burdick's motion for a new trial, it based its decision on the alternative basis that Burdick had no legal right to be in Wisniewski's apartment when he took her cell phone and threw it. The evidence showed that Wisniewski repeatedly asked Burdick to leave her apartment. A person who "[r]emain[s] without lawful authority on the land or premises of another after being notified to depart by the owner or occupant" commits a trespass. MCL 750.552(1)(b). Burdick testified that Wisniewski twice asked him to leave her apartment before he threw her cell phone and that he had the opportunity to leave, but failed to do so. Accordingly, the trial court did not abuse its discretion by denying Burdick's motion for a new trial on the alternative ground that Burdick had no legal right to be in Wisniewski's apartment when he took and damaged her cell phone.

Affirmed.

/s/ Thomas C. Cameron
/s/ James Robert Redford
/s/ Kristina Robinson Garrett

-3-